15385

STATE v. SMITH *ET AL.*

(19 S. E. (2d), 224)

July, 1941.

*Mr. Sam N. Burts* and *Mr. C. Yates Brown,* both of Spartanburg, for appellants,

*Mr. Samuel R. Watt, Solicitor,* appeared for respondent. March 3, 1942.

The opinion of the Court was delivered by CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

Appellants above named were tried before Judge Thomas S. Sease and a jury and were convicted of assault and bat-

tery with intent to kill. Each was sentenced to confinement at hard labor for a term of four years.

The record discloses that on March 13, 1941, there was a very bitter altercation between the appellants, who are related closely to one another, and one Joe Leonard, the prosecuting witness. In the course of this difficulty Leonard was seriously wounded by shots from a shotgun in the hands of appellant Nick Smith. Appellants insisted that Leonard at the time was trying to kill them with his pistol, and that Nick Smith used the shotgun in defense of himself and of his relatives.

Nick Smith testified that he shot his gun four times: "I shot him twice when he was facing me * * * and the last shot went in his back."

Judge Sease, in his customary able charge, left to the jury the issues of assault and battery with intent to kill, aggravated assault and battery, simple assault and battery, self-defense and defense of others in peril. And the jury convicted appellants of assault and battery with intent to kill.

In the course of the trial, Leonard testified that his eye had been shot out, and that he was shot in the lungs, in his arm, in his head, and all over his back. His body was shown to the jury.

The record shows that in 1937, some four years previous to the instant difficulty, Leonard had been shot with a shotgun by a man named Sexton; the shot entering his back and the back of his head. Upon the trial of the instant case, appellants' counsel undertook, on cross examination, to elicit from Leonard the fact the he had been previously shot in this manner by Sexton. Cross examination as to whether he had been previously shot was objected to by Solicitor Samuel R. Watt, and his objection was sustained by the trial Judge.

Appellant's counsel insist that in this denial of their right of cross examination on this point there is reversible error.

While this Court has many times held that matters of cross examination are very much within the discretion of the trial Judge, it is nevertheless the established practice to allow a rather full and thorough cross examination of the witnesses for both the State and the defendant in the criminal Courts by way of questions tending to test memory, veracity or credibility.

We are of the opinion that counsel for appellants should have been allowed to elicit from Leonard the fact that he had been previously shot in the back as set forth above.

Was the error prejudicial? Was it material to appellants' cause? Does it warrant a reversal? We are of the opinion that these questions must be answered in the negative.

Whether or not the jury had been informed of the previous shooting of Leonard the record contains a wealth of evidence to sustain their verdict.

Assault and battery with intent to kill is defined as an unlawful act of violent injury to the person of another accompanied with malice aforethought.

Eliminating the pleas of self-defense and defense of others, on both of which issues the jury found against appellants, we find in the record that Leonard, after an altercation with one of the Smiths, proceeded in his automobile towards his home. He was followed and pursued by the appellants in three automobiles, one of appellants having procured a shotgun. They caught up with Leonard, and in the ensuing dispute Nick Smith testified that he shot the shotgun four times, that he shot Leonard twice when he was "facing me," and that "the last shot went in his back." One of Leonard's eyes was destroyed, and he received shot in his side, arm, back and head.

The finding of the jury that there was violent injury unlawfully done to the person of another accompanied with malice aforethought was fully sustained by this record.

It remains now to consider appellants' second exception.

It appears from the record that some three months before the shooting, Leonard had been asked by the appellant Nick Smith as to how he was feeling. According to Leonard, he replied that it was none of "your damn business." According to appellants his reply was that it was none of "your goddamn business." Upon the cross examination of one of the State's witnesses as to what Leonard had stated on this occasion, Judge Sease made the remark: "What is the difference between damn business and goddamn business?" In making this remark in the presence of the jury error is charged by appellants. With this contention we cannot agree.

The evidence was competent as indicating that Leonard was a man of short temper, and that he had some grudge against Nick Smith. And it was relevant on the self-defense issue as to whether or not it was necessary for Nick Smith to shoot when he did in order to protect himself from serious bodily harm or death. And by Leonard's admission that in reply to the question as to how he was feeling he had stated "none of your damn business," the jury were fully warranted in finding, should they so decide, that Leonard was in fact a short-tempered fellow and that he had a grudge against Nick Smith. In the remark of Judge Sease there was no error.

The sentence appealed from is hereby affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.